Richmond, P. J.,
delivered the opinion of the court.
In July, 1887, one N. W. Flaisig was prosecuted in Marion, Kansas, before a justice of the peace for selling intoxicating liquor. He was adjudged guilty and sentenced to pay a fine of $100 and to be confined in the county jail for a period of thirty days. He prayed an appeal to the district court and executed an appeal bond in the sum of $600, with A. Jacobitz as surety. Thereafter a bond in words and figures as follows was executed by Flaisig and J. H. Slater, appellant herein.
“ Know all men by these presents that we N. W. Flaisig, as principal, and Fourth National Bank of Wichita, Kansas, J. H. Slater, cashier, as sureties are held and firmly bound to *128 A. Jacobitz, as bondsman of N. W. Flaisig, in the sum of six hundred dollars, the payment of which sum well and truly to he made, we bind ourselves, our heirs, executors and administrators firmly by these presents. The condition of this obligation is such that whereas the said N. W. Flaisig was on the 1st day of July, 1887, prosecuted before E. Baxter, justice of the peace for said county, on the charge of selling intoxicating liquor in the city of Marion, Kansas, contrary to the statutes made and provided in such cases, and whereas the said N. W. Flaisig was by said E. Baxter adjudged guilty as charged, and was sentenced to pay a fine of $100 to the state of Kansas and to be confined in the jail of said county for a period of thirty days, and whereas said N. W. Flaisig has appealed from the decision of the said E. Baxter, and whereas the said E. Baxter has adjudged that the said N. W. Flaisig give bond in the sum of six hundred dollars for his appearance at the next regular term of the district court of said county, and whereas the said A. Jacobitz has signed the said appeal bond with the said N. W. Flaisig,
“Now therefore, if the said N. W. Flaisig shall duly appear at the said term of said court and answer the demand of the law thereat, then this obligation to be null and void and of no effect, otherwise to remain in full force and effect.
“ Witness our hands this day of July, 1887.
“ N. W. Flaisig,
“ J. H. Slater, Cashier,
“Fourth Nat. Bank Wichita, Kansas.”
Upon this last mentioned bond suit was instituted in the third judicial district of Colorado to recover the penalty mentioned therein.
The complaint alleges the execution of the bond by Flaisig and Slater for the purpose of indemnifying the plaintiff as surety for Flaisig upon the appeal bond; that Flaisig did not appear before the district court in conformity with the condition of the appeal bond, but made default thereof.
Thereafter judgment was rendered and plaintiff compelled to pay the sum of $672.75.
*129 Trial was had to the court and judgment rendered for' Jacobitz in the sum of $600.
Many errors are assigned why this judgment should be reversed, but we are inclined to the opinion that we need consider none save one, urged upon our attention in the oral argument, to the effect that the complaint fails to state a cause of action. A careful reading of the bond sued upon, conclusively shows that it is not an indemnifying bond. The condition of the bond is that Flaisig shall appear at .the term of the district court * * *. But it in no sense recites that in case the plaintiff Jacobitz shall suffer by reason of becoming surety for Flaisig, or that in case Jacobitz shall pay or be compelled to pay the penalty of the appeal bond, then and in such case the parties will indemnify him. Taking the bond as it reads, it would allow Jacobitz the right of action against the plaintiff, regardless of whether or not he satisfied the conditions of the appeal bond and paid the penalty nominated therein, provided Flaisig failed to appear in the district court. Besides, we may add oral proof contradicting the recital in the bond, and making it a bond of indemnity was clearly inadmissible. No rule of law is better settled than that parol testimony is admissible to explain latent or inherent ambiguity, but in this case none exists. The effect of the testimony was to make a new and different contract from that made by the parties, and should not have been received.
Our conclusion is that the complaint fails to state a cause of action, wherefore the judgment must be reversed.

Reversed.